# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ARMANDO TREVINO, JR.,

          Plaintiff,

v.

LESLIE BOESE, JOHN A.
KOPATICH, and MARIO
LANTIGUA,

          Defendants.

Case No. 24-CV-1102-JPS

**ORDER**

      On September 11, 2024, the Court screened Plaintiff Armando Trevino, Jr.'s ("Plaintiff") complaint and stayed this action pursuant to the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). ECF No. 4. The Court explained that this action would be stayed during the pendency of Plaintiff's state court case—*State of Wisconsin v. Armando Trevino, Jr.*, Case No. 2022CF001615 (Waukesha Cnty. Cir. Ct. 2022), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2022CF001615&countyNo=67&mode=details (the "State Case")—including through the conclusion of any state appeals. *Id.* at 7 (citation omitted). The Court further ordered Plaintiff to file a notice within fourteen days of the conclusion of the State Case, including all state appeals, "at which time the Court [would] reopen th[is] case and lift the stay." *Id.* However, the Court warned Plaintiff that if he failed to timely file such a notice, the Court would dismiss this case without prejudice for failure to prosecute. *Id.* (citing FED. R. CIV. P. 41(b) and CIV. L.R. 41(c)).

Plaintiff moved the Court to lift the stay in October 2025, alleging that there were due process violations occurring in his State Case. ECF No. 8 at 1. The Court denied that motion and reminded Plaintiff that he may "return to this forum" "after exhausting his state appeals" related to his State Case. ECF No. 9 at 3.

Plaintiff pled guilty to certain counts in the State Case in October 2025 and the Waukesha County Circuit Court dismissed and read in the remaining counts at that time. State Case, Oct. 9, 2025 docket entry. Plaintiff was sentenced on December 12, 2025. *Id.*, Dec. 12, 2025 docket entry. The court then entered his judgment of conviction on December 15, 2025. *Id.*, Dec. 15, 2025 docket entry. Plaintiff filed a notice of intent to pursue post-conviction relief and later moved to amend the criminal complaint, but that motion was denied on January 26, 2026. *Id.*, Dec. 15, 2025; Jan. 21, 2025; and Jan. 26, 2026 docket entries. To date, Plaintiff has not filed a notice of appeal in his State Case, and his deadline to do so has long passed. WIS. STAT. § 809.30. Over six months have passed since Plaintiff's judgment of conviction was entered in his State Case, and Plaintiff has not timely filed a notice to reopen this case.

Civil Local Rule 41(c) provides that the Court may dismiss a case when it appears that a plaintiff is not diligently prosecuting it. Given Plaintiff's failure to file a timely notice to lift the stay in this case, and in the light of the Court's warning that such a failure would result in dismissal, the Court will dismiss this case without prejudice.

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for Plaintiff's failure to prosecute.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of May, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge

Case 2:24-cv-01102-JPS    Filed 05/29/26    Page 3 of 3    Document 10